IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| BILLY BATEMON | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 5:10CV00053   SWW |
| DAVID VILCHES, personally and in | * | |
| his official capacity as Detective of Pine | * | |
| Bluff Police Department, and SHARON | * | |
| REED, personally and in her official | * | |
| capacity as Detective of Pine Bluff | * | |
| Police Department | * | |
| | * | |
| Defendants | * | |

## ORDER

Plaintiff Billy Batemon, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Pine Bluff police detectives David Vilches and Sharon Reed.  Before the Court is Defendant's motion to dismiss (docket entries #6, #7) and Batemon's response in opposition (docket entry #12).  After careful consideration, and for reasons that follow, the motion to dismiss will be granted, and the case will be dismissed as time-barred.

In his amended complaint, Batemon alleges that on September 21, 2005, Defendants performed an illegal search of a residence in which he was present.  Batemon charges that Defendants conducted the search pursuant to an invalid warrant, thus violating the Fourth Amendment's proscription of unreasonable searches.

Defendants assert that Batemon's claims are time-barred and must be dismissed.  The forum state's statute of limitations for personal injury actions serves as the statute of limitations

for claims brought pursuant to § 1983.  In Arkansas, the statute of limitations for personal injury actions is three years.  *See Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991).  Here, Batemon sues Defendants for alleged unconstitutional search that occurred on September 15, 2005, and he commenced this action March 1, 2010–well beyond the limitations period.  The face of Batemon's amended complaint shows that his claims are time-barred, and he provides no basis for tolling the statute of limitations.

      IT IS THEREFORE ORDERED that Defendants' motion to dismiss (docket entry #6) is GRANTED.  Pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE.

      IT IS SO ORDERED THIS 12TH  DAY OF APRIL, 2010.

                                     /s/Susan Webber Wright

                                     UNITED STATES DISTRICT JUDGE