IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| BILLY BATEMON | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 5:10CV00053 SWW |
| DAVID VILCHES, personally and in his | * | |
| official capacity as Detective of Pine | * | |
| Bluff Police Department, and SHARON | * | |
| REED, personally and in her official | * | |
| capacity as Detective of Pine Bluff | * | |
| Police Department | * | |
| | * | |
| Defendants | * | |

## ORDER

Plaintiff Billy Batemon, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Pine Bluff police detectives David Vilches and Sharon Reed. In his amended complaint, Batemon alleges that on September 21, 2005, Defendants performed an illegal search of a residence in which he was present. Batemon charges that Defendants conducted the search pursuant to an invalid warrant, thus violating the Fourth Amendment's proscription of unreasonable searches.

By order and judgment entered April 12, 2010, the Court dismissed this action on the ground that Batemon's claims are time-barred. On April 26, 2010, Batemon filed a motion for reconsideration and a notice of appeal. In support of this motion for reconsideration, Batemon

asserts that the statute of limitations should be tolled because the public defender who represented him in related state criminal proceedings failed to challenge the validity of the search warrant and neglected to inform him that he could seek relief for an illegal search by filing a civil complaint.  Plaintiff also asserts that this Court "failed to notify him that it was treating the defendants motion to dismiss as a motion for summary judgment."  Docket entry #16, at 1.

Batemon presents no ground for equitable tolling in this case. *See Wilson v. General Elec. Capital Auto Lease, Inc.*  311 Ark. 84, 87, 841 S.W.2d 619, 620-621 (1992)("No mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar.  There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself.").  Additionally, Batemon is mistaken in his belief that the Court treated the motion to dismiss as a motion for summary judgment.  The Court concluded that Batemon's claims were time-barred based solely on allegations contained in the amended complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (docket entry #16) is DENIED.

IT IS SO ORDERED THIS 28TH DAY OF APRIL, 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE